**REISSUED FOR PUBLICATION**
**AUGUST 8, 2019**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SARAH ZINS and LIEB ZINS, <br> On behalf of the Estate of <br> JONATHAN ZINS, <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. | No. 18-1934V <br> Special Master Christian J. Moran <br><br><br> Filed: June 28, 2019 <br><br> Dismissal, in utero injury. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **DECISION GRANTING RESPONDENT'S MOTION TO DISMISS**[1]

Sarah and Leib Zins filed a petition for compensation on December 17, 2018. The Zins seek compensation under the National Childhood Vaccine Injury Act (the "Act"), 42 U.S.C. §§ 300aa-1 to -34, on behalf of their unborn child, Jonathan. They allege that an influenza vaccine administered to Sarah Zins on December 12, 2016 caused Jonathan to suffer from in utero injuries that ultimately resulted in his stillbirth delivery.

A status conference was held on February 22, 2019. During the status conference, Ms. Zins clarified that she intended to file two petitions: one for herself, as an individual, claiming compensation for injuries suffered from the

---

[1] Because this ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material before posting the ruling.

vaccination as a result of Jonathan's stillbirth; another on behalf of Jonathan for his death. Order, issued Feb. 25, 2019. During the status conference, respondent communicated an intention to move to dismiss any claim brought on behalf of Jonathan for lack of jurisdiction.

On March 20, 2019, respondent moved to dismiss Jonathan Zins' petition on the basis that the Vaccine Act does not provide a cause of action for children alleged to have been injured by a vaccine but not born alive. The Zins did not respond to the Secretary's motion.

On April 23, 2019, the undersigned issued an order communicating that the Secretary's position on the jurisdictional question of Jonathan Zins' petition appeared correct and that, as a result, the Zins would not be able to proceed on a petition for compensation on Jonathan's behalf. To avoid the needless expense and hassle of filing a new petition, the Zins were provided the opportunity to have this case recaptioned so as to have Ms. Zins as the petitioner. The Zins were ordered to move to amend the petition by May 24, 2019. The Zins also did not respond to this order.

As the Secretary notes in his motion to dismiss, the act of Congress that granted jurisdiction to this Court to hear claims by children who allege in utero vaccine injuries also explicitly defines "child" as an individual who is "born alive." See 21st Century Cures Act, Pub. L. No. 114-255, § 3093(c), 130 Stat. 1033, 1152 (2016) (referencing 1 U.S.C. § 8(a)). This specific issue of statutory interpretation was thoroughly examined in a recent decision by Special Master Corcoran. See Neal v. Sec'y of Health & Human Servs., No. 17-2020V, 2018 WL 4482535 (Fed. Cl. Spec. Mstr. July 24, 2018). The letter of the law leaves little ambiguity that unless a child is born alive, he or she may not bring a petition for compensation under the Act for injuries suffered in utero. That Jonathan was stillborn is not contested. Exhibit 12. Accordingly, his claim must be dismissed for lack of jurisdiction.

However, Ms. Zins does not face the same jurisdictional hurdles as Jonathan for injuries she may have suffered as a result of the vaccination. As confirmed in the February 22, 2019 status conference, Ms. Zins is interested in pursuing her rights under the Vaccine Act. Indeed, Ms. Zins included in her initial filings a secondary petition that listed herself as the petitioner and sought redress for her

2

injuries.  See Pet., filed Dec. 17, 2018, at Pet. for Compensation for Sarah Zins. Ms. Zins has not yet had her day in court.

Although Ms. Zins appears interested in pursuing her rights under the Act, because of the manner that this petition was filed, her petition has not yet been docketed.  Ms. Zins was offered the opportunity to recaption Jonathan Zins' petition as a petition brought by her as an individual.  See orders issued Feb. 25, 2019 and Apr. 23, 2019.  For whatever reason, she has elected not to do so. Based on a review of the initial filings made by Ms. Zins—which include the submission of two different civil cover sheets and two separate petitions—it is now clear that two separate petitions should have been entered.  Based on consultations with the Clerk of the Court, this second petition will now be docketed so that Sarah Zins' claim can proceed while Jonathan Zins' claim will be dismissed for lack of jurisdiction.

Accordingly, the following is ORDERED.

1. The Clerk is INSTRUCTED to docket a petition for Sarah Zins v. Secretary of Health and Human Services.  This petition shall be assigned a new docket number with a filing date of December 17, 2018.  The Clerk shall enter the petition, pleadings, references, conclusion, and exhibits relating to Sarah Zins' claim entered in No. 18-1934V into the record of the newly docketed petition.  The Clerk shall also enter Respondent's Rule (c) Report, filed March 29, 2019, ECF No. 11, into the record of the new petition.

2. This petition, No. 18-1934V, is DISMISSED for lack of jurisdiction. The Clerk's Office is instructed to enter judgment in accord with this decision.

Any questions regarding this order shall be directed to my law clerk, Matthew Ginther, at (202) 357-6360.

**IT IS SO ORDERED.**

_Christian J. Moran_
Christian J. Moran
Special Master